**EXHIBIT C**

| | |
|---|---|
| **DISTRICT COURT**<br>**EAGLE COUNTY, COLORADO**<br><br>Court Address: 885 Chambers Avenue<br>            Eagle, Colorado 81631<br>Court Tel. No.: (970) 328-6373 | DATE FILED: January 10, 2020 9:51 AM<br>FILING ID: 82D24D0977E97<br>CASE NUMBER: 2020CV30005 |
| Plaintiff: **ANN E. FLAHERTY**<br><br>v.<br><br>Defendant: **THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY**, a Wisconsin insurance company | ▲ **COURT USE ONLY** ▲ |
| Counsel for Plaintiff:<br>Michael G. Brownlee, #40543<br>**BROWNLEE & ASSOCIATES, LLC**<br>P.O. Box 1658<br>Avon, Colorado 81620<br>Office No.: (970) 444-5570<br>Email: michael@brownleelawllc.com | Case Number:<br><br><br><br>Div.:        Ctrm: |
| **COMPLAINT AND JURY DEMAND** | |

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, Ann E. Flaherty, by and through her undersigned counsel, Michael G. Brownlee of BROWNLEE & ASSOCIATES, LLC, file this *Complaint and Jury Demand* (the "Complaint") against Defendant, THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, a Wisconsin insurance company, and would show this Honorable Court the following:

### A.    PARTIES

1. Plaintiff, Anne E. Flaherty ("Ms. Flaherty") is the beneficiary to a life insurance policy sold by Defendant who resides at 777 Charolais Lane, Edwards, Colorado 81632.

2. Upon information and belief, at all relevant times to this action, Defendant, THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, a Wisconsin insurance company ("Northwestern"), whose principal office street address 720 East Wisconsin Avenue, Milwaukee, Wisconsin 53202 (the "Home Office"), was in the business of marketing, drafting, and selling insurance contracts for life insurance to individuals in the state of

Colorado. According to the COLORADO SECRETARY OF STATE, service may be made upon Northwestern by serving the COLORADO DIVISION OF INSURANCE with an address of 1560 Broadway, Suite 850, Denver, Colorado 80202.

### B.     JURISDICTION AND VENUE

3.  This Court has personal jurisdiction over Defendant pursuant to C.R.S § 13-1-124 and the venue of this case is proper in the District Court of Eagle County, Colorado, pursuant to C.R.C.P 98.

### C.     CONDITIONS PRECEDENT AND RESPONDEAT SUPERIOR

4.  All conditions precedent have occurred or been performed for this lawsuit.

5.  Whenever it is alleged that a particular Defendant did any act or thing, it is meant that such Defendant or its agents, officers, servants, employees, or representatives did such act or thing.  Such acts or conduct were also done with the full authorization or ratification of said Defendant or done in the normal routine, course and scope of the agency or employment of said Defendant or its agents, officers, servants, employees, or representatives.

### D.     STATEMENT OF FACTS

6.  Plaintiff and her husband, Dennis C. Flaherty, deceased ("Mr. Flaherty"), purchased a life insurance policy from Northwestern with a Date of Issue of July 5, 2011 (the "Policy"). Defendant, Northwestern drafted and issued an Insurance Contract, Policy Number 19-512-287 (the "Policy"). Northwestern contracted to provide Plaintiff with life insurance coverage in the amount of $10,000,000.00. The insured under the Policy is Mr. Flaherty and Ms. Flaherty us listed as the beneficiary of 70% of the Policy, the remaining 30% being tendered to Mr. Flaherty's sister.

7.  The Policy provides that upon the death of the insured the proceeds are to be paid to the beneficiary after proof of death is received at Northwestern's Home Office.

8.  The Policy also provides that **"**[i]f the Insured dies by suicide within one year from the Date of Issue, the amount payable by the Company will be limited to the premiums paid."

9.  Mr. Flaherty unexpectedly died on September 24, 2018.

10. On the date of his passing, Plaintiff was and continues to be the only surviving beneficiary under the Policy.

11. Plaintiff paid premiums to Defendant, Northwestern, under the Policy for the above-described coverage. Northwestern accepted those payments with the promise that

it would provide the coverages stated in the Policy of insurance and in accordance with the requirements of Colorado law.

12.   Ms. Flaherty and her deceased husband justifiably relied on Policy.

13.   After Mr. Flaherty's passing in September of 2018, Ms. Flaherty timely filed a claim with Defendant, Northwestern who assigned a an adjuster, Sheila Hauerwas ("Ms. Hauerwas"), to evaluate the claim. Defendant did not provide to Ms. Hauerwas a copy of the Policy under which she was supposed to adjust the claim.

14.   On or about November 7, 2018, Ms. Flaherty obtained and immediately provided to Defendant a death certificate and other relevant documents to Northwestern that proved conclusively that Mr. Flaherty's death was a suicide. Defendant would not accept the death certificate but could not cite any regulation or policy provision that guided its decision.

15.   Thereafter, Northwestern failed to take any action to investigate the claim, provided no explanation of what additional information was needed for it to make a claims decision, and otherwise exerted no further attempt to resolve Ms. Flaherty's claim, effectively breaching its duties under the Policy. During this period of almost one year, Defendant did not substantively communicate with Plaintiff, nor did it advise her as to what information was needed to complete the claim.

16.   Due to Northwestern's failure to pay benefits due and owing to her under the Policy, Ms. Flaherty engaged undersigned counsel to represent her.

17.   On or about October 30, 2019 undersigned counsel notified Northwestern of its representation of Ms. Flaherty and requested relevant documents. In breach of its fiduciary duty and its duty of good faith and fair dealing, Northwestern refused to respond or even acknowledge undersigned counsel's request.

18.   On or about November 7, 2019, Plaintiff, via undersigned counsel, provided Northwestern with copies of Mr. Flaherty's death certificate and a medical examiner's report, which confirmed the manner of death.

19.   Then, on November 15, 2019, Defendant, who was aware that Plaintiff was represented by counsel, tendered directly to Plaintiff $6,876,692 in benefits and $137,335 in interest 374 days after proof of death was submitted by Plaintiff. The payment was sent without explanation and did not correctly account for the interest owed on the benefit.

20.   Aside from assigning and adjuster to evaluate the claim, Northwestern has failed to respond in any meaningful way including but not limited to failing to cite any applicable policy provisions to justify its delay/partial denial of the claim.

21.   Northwestern's bad faith conduct in this matter includes, without limitation, its inadequate, unreasonable, and improper investigation of Plaintiff's insurance claim; its failure to supply requested documentation; its failure to respond to Plaintiff's

3

communications regarding this matter; its unreasonable delays of Plaintiff's insurance claim; and, its failure to cite any Policy provision to justify its delay or denial. These actions were all unreasonable and done in bad faith. These actions also constitute a breach of the express duties set forth in the insurance Policy, as well as the implied contractual duties of good faith and fair dealing that Northwestern owed to Plaintiff.

22. As a direct and proximate result of Northwestern's multiple breaches of contract and bad faith conduct, Plaintiff has incurred damages, injuries, and losses in an amount in excess of $676,379.82. Northwestern is also liable to Plaintiff for damages equal to two times the unreasonably delayed/denied covered benefit of $13,753,384, pursuant to Colorado Revised Statutes, Sections 10-3-1115 and 10-3-1116.

### E.     CLAIMS FOR RELIEF

#### First Claim for Relief
#### (Breach of Contract)

23. Plaintiff incorporates by reference the allegations above as if repeated verbatim herein.

24. The insurance Policy issued by Northwestern contained an express or implied covenant of good faith and fair dealing. Plaintiff paid premiums and otherwise performed all conditions precedent to recover benefits under the contract, i.e. the Policy.

25. Plaintiff has duly performed or satisfied each and every covenant and/or condition of the Policy or has been excused from so performing as a result of Northwestern's material breaches.

26. Northwestern breached the express and implied terms of the insurance contract by failing to pay the full amount due under the Policy and by failing to act reasonably and in good faith in investigating and resolving Plaintiff's insurance claim.

27. As a direct, immediate and proximate result of Northwestern's breaches of contract, Plaintiff has suffered injuries, damages, and losses in an amount to be proven at trial.

#### Second Claim for Relief
#### (Unreasonable Delay/Denial Under C.R.S §§ 10-3-1113(3), 1115, 1116)

28. Plaintiff incorporates by reference the allegations above as if repeated verbatim herein.

29. Northwestern entered into an insurance contract with Plaintiff and issued a Policy and contracted to provide Plaintiff with life insurance coverage in the amount of $10,000,000.00.

4

30. Plaintiff paid premiums and otherwise performed her obligations under the insurance contract, i.e. the Policy, with Northwestern.

31. Plaintiff is, and continues to be, a first-party claimant who is owed benefits as an insured under an insurance Policy with Northwestern. Accordingly, Northwestern has a statutory duty not to unreasonably delay or deny authorizing payment of covered benefits to Plaintiff under C.R.S §10-3-1113(3). Under C.R.S §10-3-1115(2), Northwestern's delay or denial is considered unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action.

32. As described in more detail above, Northwestern has delayed and denied the payment of covered benefits to Plaintiff without a reasonable basis.

33. As a direct and proximate result of Northwestern's unreasonable delay and denial, Plaintiff has suffered injuries, damages and losses in an amount to be proven at trial. Plaintiff is entitled to all remedies allowed by C.R.S §10-3-1113, §10-3-1115, and §10-3-1116, including two times the covered benefit, reasonable attorney's fees, prejudgment and post-judgment interest, and court costs.

### Third Claim for Relief
**(Common Law Insurance Bad Faith)**

34. Plaintiff incorporates by reference the allegations above as if repeated verbatim herein.

35. Northwestern entered into an insurance contract with Plaintiff and issued a Policy and contracted to provide Plaintiff with life insurance coverage in the amount of $10,000,000.00.

36. Plaintiff paid premiums and otherwise performed her obligations under the insurance contract, i.e. the Policy, with Northwestern.

37. Northwestern, as Plaintiff's insurer, owed her a duty of good faith and fair dealing.

38. Northwestern breached its duty of good faith and fair through its unreasonable actions, failures, and omissions proscribed by C.R.S. § 10-3-1104(1)(h), which include, without limitation, the following:

   i   Forcing Plaintiff to retain legal counsel to protect her rights, including recovery of amounts due under the Policy;

   ii  Refusing to pay Plaintiff's claim without conducting a reasonable investigation based upon all available information;

5

  iii Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the policy;

  iv Refusing to provide requested documentation;

  v Refusing to provide a reason for or cite policy provisions that justify its delay and/or denial of Plaintiff's claim

  vi Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

  vii Engaging in conduct prohibited by CRS §§ 10-1-101 and 10-3-1104(1)(h);

  viii Failing to promptly pay Plaintiff's insurance claim;

  ix Failing to promptly provide a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;

  x Depriving Plaintiff of the benefits and protections of the contracts of insurance;

  xi Other conduct to be discovered in the course of these proceedings.

39. Northwestern knew that its conduct was unreasonable or recklessly disregarded the fact that its conduct was unreasonable.

40. Northwestern's bad faith breach of the Policy proximately has caused Plaintiff to suffer harm, losses, and damages, both economic and non-economic, in amounts to be proven at trial, including, by way of example but not limitation: deprivation of insurance benefits; emotional stress; anxiety; upset; anger; loss of enjoyment of life; physical harm and impairment; attorneys' fees and expenses incurred in challenging Northwestern's conduct; and other economic and non- economic harm, damages, and losses as may be proven at trial.

## **Fourth Claim for Relief**
**(Colorado Consumer Protection Act)**

41. Plaintiff incorporates by reference the allegations above as if repeated verbatim herein.

42. Northwestern participated in prohibited and/or deceptive trade practices, in the course of the its business, vocation, or occupation, within the meaning of C.R.S. § 6-1- 101 et seq., which have harmed Plaintiff and which have affected Northwestern's customers.

6

43. Such prohibited acts include but are not limited to:

   i   Representing that Northwestern's insurance and services, are of a particular standard, quality, or grade, when Northwestern knew or should know that they are of another; Northwestern advertised its insurance and services with the intent not to provide such goods and services as advertised;

   ii  Engaging in deceptive, misleading, or after the fact underwriting practices; and,

   iii Northwestern failed to disclose material information concerning its goods and services, which information was known at the time of an advertisement or sale and such failure to disclose such information was intended to induce Plaintiff's to enter into a transaction.

44. As a direct and proximate cause of Northwestern's deceptive trade practices, Plaintiff has been harmed in an amount to be proven at trial.

### F.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that after the final hearing in this case, the Court award Plaintiff a judgment against Defendant, Northwestern for all of Plaintiff's actual, economic, non-economic, compensatory, consequential, and exemplary damages, plus extra-contractual damages as provided under C.R.S. §10-3-1116, for all other damages allowed by statute or law including damages allowed by the Colorado Consumer Protection Act; prejudgment and post judgment interest on any award of damages to the extent permitted by law, attorney's fees, court costs, and such other relief as may be proper.

**Plaintiff demands a trial by jury as to all claims so triable.**

Dated this 10th day of January 2020.

**BROWNLEE & ASSOCIATES, LLC**

By: */s/ Michael G. Brownlee*
Michael G. Brownlee, #40543
P.O. Box 1658
Avon, Colorado 81620
Office No.:  (970) 444-5570
Email: michael@brownleelawllc.com

7

**Plaintiff's Address:**
777 Charolais Lane, Edwards, Colorado 81632

8